IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2376-WJM-KMT

TONI R. PALMER,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS TECHNOLOGY RISK OFFICE,

    Defendant.

**ORDER ADOPTING JUNE 12, 2017 RECOMMENDATION OF MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on the June 12, 2017 Recommendation of United States Magistrate Judge Kathleen M. Tafoya ("Recommendation," ECF No. 41) that Plaintiff's Motion for Leave to Amend Complaint (the "Motion," ECF No. 32) be denied. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed an objection to the Recommendation. ("Objection," ECF No. 43.) For the reasons set forth below, Plaintiff's Objection is overruled, the Magistrate Judge's Recommendation is adopted, and Plaintiff's Motion is denied.

**I. STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." *See Lariviere, Grubman & Payne, LLP v. Phillips*, 2010 WL 4818101, at

*5 (D. Colo. Nov. 9, 2010) (treating motion to amend complaint as a dispositive matter for purposes of Rule 72(b)); *see also Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002) ("When the magistrate judge's order denying a motion to amend . . . effectively removes a . . . claim from the case, it may well be a dispositive ruling that the district court should review *de novo*.").

An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Here, Plaintiff filed a timely objection to Judge Tafoya's Recommendation. Therefore, this Court reviews the issues before it *de novo*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. FACTUAL & PROCEDURAL BACKGROUND

No parties object to the recitation of facts set forth by Judge Tafoya in the June 12, 2017 Recommendation. (*See* ECF Nos. 41, 43, 47.) Accordingly, the Court adopts and incorporates the "Procedural Background" section of the Recommendation as if set forth herein. (ECF No. 41 at 1–2.)

Briefly, Plaintiff was formally employed by Kaiser as a senior case manager in the Technology Risk Office. (ECF No. 1-1 at 2.) Plaintiff began working for Kaiser on March 31, 2015. (*Id*.) Within her first sixty days on the job, Plaintiff raised concerns "regarding the lack of clarity over her specific job responsibilities" and issues she was having with her supervisor. (*Id*.) Following this, on May 29, 2015, Plaintiff "made a protected complaint of workplace racial discrimination to Kaiser" and "filed an EEOC Charge of Discrimination against Kaiser . . . which resulted in an inconclusive determination." (*Id*.) Subsequently, on July 27, 2015 the EEOC issued a Notice of Right to Sue. (*Id*.) However, Plaintiff continued her employment with Kaiser until her termination on April 11, 2016, during which time she allegedly "continued to suffer workplace racial discrimination, a hostile working environment, harassing behavior, and retaliation related to her protected complaint." (*Id*.; *see also* ECF No. 40 ¶ 32.)

Based on this course of events, Plaintiff filed the instant action asserting three claims for relief: (1) race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. §§ 2000e *et seq*.), (2) intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA," 28 U.S.C. §§ 2671 *et seq*.), and (3) interference and retaliation under the

Family and Medical Leave Act ("FMLA," 29 U.S.C. §§ 2601 *et seq*.). (ECF No. 1 at 3–7.)

In the proposed scheduling order Plaintiff suggested February 28, 2017 as the deadline for joinder of parties and amendment to the pleadings, which was later adopted by Judge Tafoya. (ECF No. 22 at 18–19; ECF No. 24 at 19.) Accordingly, on February 28, 2017, Plaintiff filed an Amended Complaint (ECF No. 30), however, the Court struck Plaintiff's filing for failure to file with leave of Court or with written consent of the opposing party (ECF No. 31). *See* Fed. R. Civ. P. 15(a)(1)–(2).

Two weeks later, on March 13, 2017, Plaintiff filed a Motion for Leave to Amend Complaint, seeking leave to add nine new defendants and to provide additional supporting factual allegations. (ECF No. 32.) On June 12, 2017, Judge Tafoya issued her Recommendation, stating that Plaintiff's Motion should be denied. (ECF No. 41.)

Plaintiff filed her Objection on June 26, 2017 (ECF No. 43), to which Defendant filed a response on July 10, 2017 (ECF No. 47). Plaintiff objects to Judge Tafoya's Recommendation "in its entirety, and specifically[] Plaintiff is genuinely perplexed by the Magistrate's Recommendation[.]" (ECF No. 43 at 1.) The Court will review *de novo* the portion of the Recommendation to which Plaintiff's specific objections were made.

### III. ANALYSIS

Motions to amend should be freely granted when justice requires. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *see also Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459–60 (D. Colo. 1995). However, a motion to amend may be denied because of "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, a proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Judge Tafoya recommended that Plaintiff's Motion be denied because "amending Plaintiff's pleading to [name additional] defendants [and factual allegations would be] futile." (ECF No. 41 at 9.) Judge Tafoya made several findings to reach that recommendation.

**A.    Title VII**

First, Judge Tafoya found that Title VII does not provide for individual liability, therefore Judge Tafoya concluded that asserting Title VII claims against individual defendants would be futile. (ECF No. 41 at 5–6 (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (recognizing that Title VII prohibits "employer" discrimination, and does not authorize personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition)).)

It appears that Plaintiff objects to Judge Tafoya's legal analysis. Specifically, Plaintiff asserts that individual capacity suits under Title VII may be recognized, albeit in a "very limited capacity." (ECF No. 43 at 5 (citing *Paroline v. Unisys Corp.*, 879 F.3d 100, 104 (4th Cir. 1989)).) However, this Court is bound by Tenth Circuit precedent, not law from other circuits, including the Fourth Circuit. Thus, the Court finds that Judge

Tafoya correctly applied Tenth Circuit precedent, which instructs this Court that Title VII does not provide for individual liability. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e agree with the majority view that, taken as a whole, the language and structure of amended Title VII continues to reflect the legislative judgment that statutory liability is appropriately borne by employers, not individual supervisors."). Accordingly, Plaintiff's objection to this portion of the Recommendation is overruled.

**B.     FTCA**

Second, Judge Tafoya found that any attempt to add a party to Plaintiff's FTCA claim is futile because any claim asserted under the FTCA is subject to dismissal. (ECF No. 41 at 5.) Specifically, Judge Tafoya noted that "Plaintiff cannot bring a claim against Kaiser and/or its employees pursuant to the FTCA because Kaiser is not a federal employer, entity, or agency." (*Id.* at 4.)

Plaintiff objects to Judge Tafoya's finding, arguing that "Plaintiff is aware that Kaiser is not a federal employer and used the term 'Federal Tort' incorrectly when referring to her claim of intentional emotional distress as noted on her civil cover sheet and throughout [Plaintiff's] complaint." (ECF No. 43 at 4.) She further argues that the claim is not futile if she "colorably states facts which, if proven, would entitle [her] to relief[.]" (*Id.*)

Plaintiff is correct that she has asserted the FTCA as the statute under which she is filing, in both her civil cover sheet (ECF No. 1-2 at 1) and throughout her proposed Amended Complaint (ECF No. 32-1 at 21). However, whether or not Plaintiff "incorrectly used the term 'Federal Tort'" in lieu of another claim does not disturb the

6

correctness of Judge Tafoya's analysis. Plaintiff clearly indicated in her proposed Amended Complaint that she brings her second claim for relief under the FTCA. (*See* ECF No. 32-1 at 21.) Thus, Judge Tafoya correctly concluded that because Kaiser is not a federal employer, any attempt to add a party to such a claim is futile because a FTCA claim under the circumstances of this case is clearly subject to dismissal. Accordingly, Plaintiff's objection to this part of the Recommendation is overruled.

**C.    FMLA**

Third, as to Plaintiff's FMLA claim, Judge Tafoya found that "[i]n order 'to establish an individual's liability within the meaning of 'employer,' the individual must have supervisory authority over the complaining employee, or control in some way the plaintiff's ability to take a leave of absence and return to work.'" (ECF No. 41 at 6 (citing *Pinkard v. Lozano*, 2007 WL 4116019, at *2 (D. Colo. Nov. 16, 2007)).) Judge Tafoya then concluded that "Plaintiff's allegations do not suggest any of the individually named employees had sufficient responsibility or stature within Kaiser to warrant the imposition of personal liability under the FMLA." (*Id.* at 7.)

Plaintiff objects to Judge Tafoya's finding, arguing that her proposed Amended Complaint "states those who are responsible for FMLA Retaliation and Interference." (ECF No. 43 at 5.)

In the Court's view, Plaintiff's argument is not entirely clear nor is it sufficiently specific, given that it does barely more than announce her desired outcome—to assert her FMLA claim against each proposed individual defendant. Her argument does not permit the Court "to focus attention on those issues—factual and legal—that are at the

heart of the parties' dispute." *2121 East 30th St.*, 73 F.3d at 1059. Accordingly, Plaintiff's objection is overruled.

**D.      Kaiser Entities**

Fourth, Judge Tafoya found that Plaintiff added three new Kaiser related entities to the case caption (Permanente Federation, Kaiser Foundation Health Plan, and Kaiser Foundation Health Plan of Colorado) but then failed to mention those entities throughout the body of Plaintiff's proposed pleadings. (ECF No. 41 at 9.) Judge Tafoya concluded that "absent any relevant allegations and/or basis for asserting a legal claim against the named entities, amending Plaintiff's pleading to add them as defendants is futile." (*Id.*)

Plaintiff objects to Judge Tafoya's finding, asserting that "Plaintiff was merely asserting culpability where applicable to the best of her knowledge." (ECF No. 43 at 8.) To support this assertion Plaintiff references a footer on a note she received from her primary care physician, which allegedly refers to "Kaiser Foundation Health Plan of Colorado—Permanente Medical Group." (ECF No. 41 at 7.)

In the Court's view, Plaintiff's assertion is not a proper objection. Plaintiff is again reasserting her desired outcome—to amend her pleadings to include these three new Kaiser entities because she deems them "culpable." In other words, Plaintiff does not provide any argument as to why Judge Tafoya's analysis was erroneous on this issue. Moreover, the Court agrees with Judge Tafoya's finding that absent any allegations in the proposed Amended Complaint that would support a claim against the three new entities, amending Plaintiff's pleading to add them would be futile.

Accordingly, to the extent Plaintiff attempts to object to this portion of the Recommendation, it is overruled.

**E.     Preservation of Claims**

Fifth, Judge Tafoya addressed Plaintiff's "intention [asserted in her Reply brief] to preserve inclusion of" claims under 42 U.S.C. § 1981, the Age Discrimination in Employment Act, and the Colorado Age Discrimination in Employment Act. (*Id.* at 9 (citing ECF No. 39 at n.1).) Judge Tafoya properly found, however, that "Plaintiff cannot add claims through her Reply that are not properly asserted in her proposed Amended Complaint." (*Id.*)

Plaintiff apparently concedes in her Objection that she did "not clearly articulate Age Discrimination in her initial complaint and Amended Complaint," however, Plaintiff now argues that she did "note 'Age Discrimination' in the *Other Nature of Cause* section," likely referencing one of her three attached civil cover sheets. (ECF No. 43 at 8 (emphasis in original).) The Court finds Plaintiff's reference to materials outside of the proposed Amended Complaint improper, and further finds that Plaintiff fails to articulate how the civil cover sheet notation supports her argument that the Recommendation is erroneous. Accordingly, Plaintiff's objection to this portion of the Recommendation is overruled.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 43) to the Magistrate Judge's Recommendation is OVERRULED;

2. The Magistrate Judge's Recommendation (ECF No. 41) is ADOPTED in its entirety; and

3. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) is DENIED.

Dated this 13th day of October, 2017.

BY THE COURT:

William J. Martinez
United States District Judge